IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Robbie Collins,** | ) | Civil Case No. 2:24-cv-03915-RMG-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| **Antonelli, *et. al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. Before the Court is Defendants' Motion to Dismiss. (Dkt. No. 14.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the reasons set forth below, the undersigned recommends Defendant's Motion be granted in part and denied in part.

## BACKGROUND

This action arises from events that occurred following Plaintiff's transfer to Lee Correctional Institution ("Lee") on September 28, 2023. (Dkt. No. 8 at 1.) Plaintiff first complains that since arriving at Lee, he has been housed in the Restrictive Housing Unit and denied outdoor recreation time. (*Id.*) Plaintiff alleges that the lack of outdoor recreation has exacerbated his breathing problems and affected his mental health. (*Id.* at 1–2.) Plaintiff alleges despite his complaints to Defendant Antonelli and "the Warden" about this issue, they failed to adequately respond.[1] (*Id.*) Plaintiff further alleges that he submitted repeated sick call requests to Defendant

---

[1] In his briefing, Plaintiff clarifies that Defendant Shane Jackson was the Warden at Lee during this time. (Dkt. No. 18 at 1.) Additionally, the undersigned takes judicial notice that the South Carolina Department of Corrections' website lists Shane Jackson as the Warden at Lee. *See* SCDC Institutions, https://doc.sc.gov/institutions (last visited Feb. 28,

1

Head Nurse Pemberton regarding his breathing issues, but he was never seen. (*Id.* at 1–2.) Similarly, Plaintiff alleges Defendant Ester Labrador ignored his requests for adequate mental health treatment. (*Id.* at 2.) Plaintiff alleges, "I then wrote General Counsel explaining that I was mental health and being denied out-of-cell time and treatment team and they told me they sent my complaint to Ester Labrador, but nothing was ever done." (*Id.*)

Finally, Plaintiff alleges he has been retaliated against for filing a lawsuit "in March 2023" against certain SCDC personnel and for filing a grievance appealing a charge he received in "March 2023." (*Id.* at 2–3.) More specifically, Plaintiff alleges that Defendant Felicia McKie has refused to properly process his grievances and will not rectify certain errors on his disciplinary record based on this legal activity. (*Id.*) He also claims that Defendant Stacey Richardson placed him in "lock up" based on the same. (*Id.* at 2.) Plaintiff alleges all of the foregoing conduct occurred during his time at Lee. (*Id.* at 3.) Here, the undersigned takes judicial notice that Plaintiff transferred from Lee to Lieber on October 23, 2024. *See* SCDC Incarcerated Inmate Search, https://public.doc.state.sc.us/scdc-public/ (enter the plaintiff's name).[^1]

Plaintiff filed this action on July 11, 2024, alleging claims for violations of his constitutional rights under the First and Eighth Amendments and seeking "$50,000.00 for all damages actual/punitive." (Dkt. No. 1 at 6, 8.) Plaintiff amended his complaint on August 1, 2024 (Dkt. No. 8), and the Court issued an Order authorizing service on December 5, 2024 (Dkt. No. 10). On January 27, 2025, Defendants filed a Motion to Dismiss. (Dkt. No. 14.) The next day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising

---

[^1]: 2025); *Harbin v. S.C. Dep't of Corr.*, No. 6:13-cv-01973-JMC, 2014 WL 4955200, at *14 (D.S.C. Sept. 30, 2014) ("A federal court may take judicial notice of factual information located in postings on governmental websites in the United States."), *aff'd*, 605 F. App'x 224 (4th Cir. 2015); *see also Mitchell v. Newsom*, Case No. 3:11-cv-0869-CMC-PJG, 2011 WL 2162723, at *3 n.1 (D.S.C. May 10, 2011) (collecting cases), *adopted by*, 2011 WL 2162184 (D.S.C. June 1, 2011).

Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 15.) Plaintiff filed a response in opposition on February 13, 2025 (Dkt. No. 18), and Defendants did not file a reply. The Motion to Dismiss is ready for the Court's review.

## **STANDARDS**

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Because Plaintiff is representing himself, this standard must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Indeed, "[d]eference is given to *pro se* Complaints." *Abdullah v. Anderson*, No. 5:05-cv-00568, 2008 WL 4103980, at *5 (S.D.W. Va. Sept. 2, 2008) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir.1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop

3

pleadings.); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.)). "A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

## **DISCUSSION**

In their motion, Defendants argue that dismissal is appropriate because: (1) the Amended Complaint fails to state any claims pursuant to § 1983; (2) the Amended Complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure; and (3) the Amended Complaint violates Rules 18 and 20 of the Federal Rules of Civil Procedure. (Dkt. No. 14-1.)

In response, Plaintiff asserts that he has sufficiently pled the following: (1) Defendants Antonelli and Jackson violated Plaintiff's rights under the Eighth Amendment by denying him outside recreation; (2) Defendants Labrador and Pemberton were deliberately indifferent to Plaintiff's medical and mental health needs in violation of Plaintiff's rights under the Eighth Amendment; and (3) Defendants Richardson and McKie violated Plaintiff's rights under the First Amendment by retaliating against Plaintiff for filing lawsuits against certain SCDC personnel and using SCDC's internal grievance process. (Dkt. No. 18.)

The undersigned considers these arguments, below.

A.     **Sufficiency of § 1983 Claims**

As discussed above, Defendants argue that Plaintiff has failed to allege any claims under § 1983. (Dkt. No. 14-1 at 7–9.) The undersigned considers Plaintiff's alleged § 1983 claims in turn.

### 1. Deliberate Indifference

To establish a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must put forth facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022). A deliberate indifference claim has both an objective and subjective component. *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). "That is, the plaintiff must demonstrate that the defendant prison official acted with 'deliberate indifference' (the subjective component) to the plaintiff's 'serious medical needs' (the objective component)." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Similarly, to state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)).

A medical condition is serious enough to satisfy the objective component if it has "been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (citing *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)). The subjective component of a deliberate indifference claim has two subparts: "a plaintiff must show the prison official (1) had actual knowledge of the risk of harm to the inmate and (2) recognized that his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Pfaller*, 55 F.4th at 445 (citing *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)) (internal quotation marks omitted).

As discussed above, the Amended Complaint alleges that since arriving at Lee on September 28, 2023, Plaintiff has been housed in the Restrictive Housing Unit and denied outdoor

recreation time. (*Id.*) Plaintiff alleges despite his complaints to Defendant Antonelli and "the Warden" about this issue, they failed to adequately respond. (*Id.*) Plaintiff further alleges that he submitted repeated sick call requests to Defendant Head Nurse Pemberton regarding his breathing issues, but he was never seen. (*Id.* at 1–2.) Similarly, Plaintiff alleges Defendant Labrador ignored his requests for adequate mental health treatment. (*Id.*) Plaintiff alleges that the lack of outdoor recreation and lack of proper medical treatment have exacerbated his breathing problems related to "long Covid symptoms" and have affected his mental health. (*Id.*) Given that Plaintiff transferred to a different institution on October 23, 2024, the foregoing events took place over a period of approximately eleven months, beginning on September 28, 2023.

At this early stage in the proceedings, assuming Plaintiff's allegations are true, the undersigned finds Plaintiff has plausibly alleged: (1) a conditions of confinement claim against Defendants Antonelli and Warden Jackson based on their failure to adequately respond to Plaintiff's complaints of being denied outdoor recreation while at Lee; and (2) a claim for deliberate indifference to a serious medical need against Defendant Pemberton based on her refusal to provide Plaintiff medical treatment after being notified through Plaintiff's sick-call requests that Plaintiff was experiencing breathing problems related to "long Covid symptoms" and needed medical attention; and (3) a claim for deliberate indifference to a serious medical need against Defendant Labrador based on her refusal to provide Plaintiff mental health treatment after being notified through Plaintiff's complaint to her and through his letter to General Counsel that Plaintiff was being denied adequate mental health treatment. *See, e.g., Collins v. Belzer*, No. 2:20-cv-3752-RMG, 2022 WL 1486003, at *4 (D.S.C. May 11, 2022) ("[E]xperiencing severe Covid-19 symptoms constitutes a serious medical need."); *Matkari*, 7 F.3d at 1134 ("In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff

6

can prove no set of facts which would support its claim and would entitle it to relief."). While the Amended Complaint does not expressly state that these claims are for deliberate indifference in violation of the Eighth Amendment, in light of Plaintiff's clarification in his briefing and in the interest of efficiency, the undersigned finds this failure alone does not warrant dismissal for failure to state a claim under § 1983. Of course, discovery may show that Defendants were not aware of the conditions at issue or Plaintiff's need for treatment. At this early stage, however, Plaintiff has sufficiently pled § 1983 deliberate indifference claims based on the personal wrongdoing of Defendants Antonelli, Jackson, Pemberton, and Labrador.

### 2. Retaliation

Where a plaintiff alleges that an act was taken in response to the exercise of a constitutionally protected right, the plaintiff must allege that (1) he engaged in "protected First Amendment activity, (2) [the defendant] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and [the defendant's] conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005)). Because conduct that "tends to chill the exercise of constitutional rights might not itself deprive such rights," a plaintiff can plausibly allege a retaliation claim without alleging an actual deprivation of his First Amendment rights. *Constantine*, 411 F.3d at 500. With respect to causation, a plaintiff must plausibly allege knowledge by the defendant of a plaintiff's protected activity as well as that the retaliation took place within some "temporal proximity" of that activity. *Id*. at 501; *see Germain v. Bishop*, No. TDC-15-cv-1421, 2018 WL 1453336, at *14 (D. Md. Mar. 23, 2018). A prisoner must present more than conclusory accusations of retaliation, and must provide facts that show the exercise of his constitutional right was a substantial factor motivating the retaliation.

7

*See e.g.*, *Adams v. Rice,* 40 F.3d 72, 74–75 (4th Cir. 1994); *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996). In the analogous Title VII retaliation context, the Supreme Court has found that the temporal proximity between a protected activity and an adverse action must be "very close" to *prima facie* establish the causation element when it is relied on exclusively. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). The Fourth Circuit has found that inmates have a clearly established First Amendment right to be free from retaliation for filing grievances. *Booker v. South Carolina Dep't of Corrs.*, 855 F.3d 533, 546 (4th Cir. 2017).

Here, Plaintiff has not shown a causal connection between the protected activity and the adverse action. As noted above, the Amended Complaint alleges Defendants Richardson and McKie retaliated against Plaintiff for filing a lawsuit "in March 2023" and for filing a grievance appealing a charge he received "in March 2023." (*Id*. at 2–3.) Plaintiff alleges Defendants' alleged retaliation occurred sometime after his transfer to Lee on September 28, 2023. The Amended Compliant does not plead any facts indicating the exercise of Plaintiff's constitutional right was a substantial factor motivating the retaliation, and the approximate seven-month gap between the alleged protected activity and the adverse action does not otherwise support an inference of causation. *See Roberts v. Glenn Indus. Grp., Inc*., 998 F.3d 111, 127 (4th Cir. 2021) (absent other evidence of a causal relationship, "a lapse of two months between the protected activity and the adverse action is 'sufficiently long so as to weaken significantly the inference of causation'" (quoting *Horne v. Reznick Fedder & Silverman*, 154 F. App'x 361, 364 (4th Cir. 2005)); *Pascual v. Lowe's Home Centers, Inc*., 193 F. App'x 229, 233 (4th Cir. 2006) (In this case, at least three to four months separated the termination of Pascual's employment and the claimed protected activities. We find that this time period is too long to establish a causal connection by temporal proximity alone."); *Lawtone-Bowles v. Liberty Univ*., No. 6:24-cv-00048, 2025 WL 474924, at *4

8

(W.D. Va. Feb. 12, 2025) (dismissing retaliation claim for lack of a "causal connection between the alleged protected activity and the adverse action" because the protected activity occurred eight to eleven months before the adverse action). Accordingly, the undersigned recommends Plaintiff's § 1983 retaliation claim against Defendants Richardson and McKie fails as a matter of law.

B.     **Pleading Requirements**

Defendants also argue that the Amended Complaint fails to comply with the requirements of Rules 8 and 10(b) of the Federal Rules of Civil Procedure. (Dkt. No. 14-1 at 4–6.) Rule 8 requires, *inter alia*, that Plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). Rule 10(b) requires that Plaintiff "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). According to Defendants, "it is entirely unclear who is alleged to be responsible for what claim(s), what specific legal claims are being brought against each Defendant, when the complained of actions are alleged to have occurred, and/or what relief (if any is being demanded against each Defendant." (Dkt. No. 14-1 at 5.)

Upon careful review, the undersigned finds that Plaintiff has sufficiently complied with Rule 8(a)(2). As discussed, *supra* section A.1, the undersigned finds Plaintiff has sufficiently given Defendants fair notice of his deliberate indifference § 1983 claims and the grounds upon which they rest. (*See* Dkt. No. 1.) While the Amended Complaint does not expressly state the relief sought, in light of the $50,000.00 "actual/punitive" damages sought in the initial Complaint (Dkt. No. 1 at 8) and in the interest of efficiency, the undersigned finds this failure alone does not warrant dismissal of this action. And while Plaintiff may not have complied with Rule 10(b), pursuant to the principles of liberal construction for *pro se* pleadings, the undersigned likewise finds the action

9

should not be dismissed on this basis. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

      **C.**      **Rules 18 and 20 of Federal Rules of Civil Procedure**

Finally, Defendants argue that the Amended Complaint violates Rules 18 and 20 of the Federal Rules of Civil Procedure. (Dkt. No. 14-1 at 6–7.) Rule 18 provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20 provides that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Relatedly, Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action" and a court may "sever any claim against a party." Fed. R. Civ. P. 21.

> In considering whether to sever claims under Rule 21, the court considers:
>
> (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed.

*White v. City of Greensboro*, No. 1:18-cv-00969, 2022 WL 3139952, at *5 (M.D.N.C. Aug. 5, 2022) (citation omitted). Courts also consider "(5) fundamental fairness, (6) judicial economy, (7) undue delay, and (8) the dual threat of duplicative litigation and inconsistent verdicts." *Id*. (citing

10

*Moulvi v. Safety Holdings, Inc.*, No. 3:20-cv-595, 2021 WL 4494191, at *6 (E.D. Va. Sept. 30, 2021). A court can "deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Aleman v. Chugach Support Services, Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). Discretion to sever claims should "be exercised sparingly." *Moulvi*, 2021 WL 4494191, at *6 (citation omitted).

As discussed above, the undersigned has recommended the Amended Complaint sufficiently alleges only claims for § 1983 deliberate indifference claims against Defendants Antonelli, Jackson, Pemberton, and Labrador. Upon careful review, the undersigned finds no basis to dismiss or otherwise sever Plaintiff's § 1983 claims. Both Plaintiff's claims for conditions of confinement and deliberate indifference to a serious medical need are brought against Defendants who work at the same SCDC institution and the claims and parties do not significantly differ from one another. Also, while the claims against these Defendants are not identical, they both relate to Plaintiff's exacerbated breathing problems and mental health issues. While some witnesses and documents might differ between these claims, there will likely be some overlap. Further, trying these claims in separate cases would be judicially inefficient, both in terms of time and resources. Finally, Defendants will not be prejudiced if the claims are not severed. Accordingly, the undersigned recommends, to the extent the Amended Complaint does not meet the requirement of Rule 20(a)(2), Plaintiff's claims should not be dismissed or severed under Rule 21.

## **CONCLUSION**

Based on the foregoing, it is RECOMMENDED that Defendants' Motion to Dismiss (Dkt. No. 14) be GRANTED IN PART AND DENIED IN PART. The undersigned recommends Plaintiff's § 1983 deliberate indifference claims proceed against Defendants Antonelli, Jackson,

Pemberton, and Labrador based on their personal wrongdoing.[2] The undersigned recommends Plaintiff's § 1983 retaliation claim against Defendants Richardson and McKie be dismissed.

      IT IS SO RECOMMENDED.

March 3, 2025

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] Given this recommendation, there is no basis to deem this matter a strike against Plaintiff pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), as Defendants request. (Dkt. No. 14-1 at 9); see *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011) (holding that "§ 1915(g) requires that a prisoner's entire action or appeal be dismissed on enumerated grounds in order to count as a strike") (internal quotes omitted).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).