IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Robbie Collins,** | ) | Civil Case No. 2:24-cv-03915-RMG-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **Antonelli, *et. al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's three Motions for Temporary Restraining Order.[1] (Dkt. Nos. 35; 36; 45.) For the reasons set forth below, the undersigned recommends Plaintiff's motions be denied.

## BACKGROUND

This action arises from events that occurred following Plaintiff's transfer to Lee Correctional Institution ("Lee") on September 28, 2023. (Dkt. No. 8 at 1.) Plaintiff complains that since arriving at Lee, he has been housed in the Restrictive Housing Unit and denied outdoor recreation time. (*Id.*) Plaintiff alleges that the lack of outdoor recreation has exacerbated his breathing problems and affected his mental health. (*Id.* at 1–2.) Plaintiff alleges despite his complaints to Defendant Antonelli and "the Warden" about this issue, they failed to adequately respond. (*Id.*) Plaintiff further alleges that he submitted repeated sick call requests to Defendant Head Nurse Pemberton regarding his breathing issues, but he was never seen. (*Id.* at 1–2.) Similarly, Plaintiff alleges Defendant Ester Labrador ignored his requests for adequate mental

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

health treatment. (*Id*. at 2.) Plaintiff alleges, "I then wrote General Counsel explaining that I was mental health and being denied out-of-cell time and treatment team and they told me they sent my complaint to Ester Labrador, but nothing was ever done." (*Id*.) Plaintiff alleges all of the foregoing conduct occurred during his time at Lee. (*Id*. at 3.) Here, the undersigned takes judicial notice that Plaintiff transferred from Lee to Lieber Correctional Institution on October 23, 2024, where he is currently housed. *See* SCDC Incarcerated Inmate Search, https://public.doc.state.sc.us/scdc-public/ (enter the plaintiff's name); *see also Charley v. Moore*, No. 6:14-cv-4591-BHH-KFM, 2015 WL 13734221, at *2 (D.S.C. Jan. 28, 2015) ("This court may take judicial notice of the SCDC public inmate database.").

As background, on March 3, 2025, the undersigned issued a Report and Recommendation ("R&R) on a motion to dismiss filed by the defendants in this action (Dkt. No. 19), which the District Judge adopted in an Order issued on March 24, 2025 (Dkt. No. 22). Per the R&R and related Order, only Plaintiff's § 1983 deliberate indifference claims remain. (Dkt. Nos. 19 at 6; 22.)

Plaintiff signed his first Motion for Temporary Restraining Order on August 7, 2025 and it was filed on August 18, 2025. (Dkt. No. 35) Plaintiff signed his second Motion for Temporary Restraining Order on August 14, 2025, and it was filed on August 22, 2025. (Dkt. No. 36.) Defendants filed a response in opposition to these two motions on August 29, 2025 (Dkt. No. 38), and Plaintiff did not file a reply. Plaintiff's third Motion for Temporary Restraining Order is not dated, and it was filed on October 2, 2025. (Dkt. No. 45.) Defendants filed a response in opposition to this third motion on October 9, 2025 (Dkt. No. 46), and Plaintiff did not file a reply. Plaintiff's motions are ready for review.

## **STANDARD**

The purpose of a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). A preliminary injunction is distinguished from a temporary restraining order only by the difference in notice to the nonmoving party and by the duration of the injunction. *U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006) (comparing Fed. R. Civ. P. 65(a) with Fed. R. Civ. P. 65(b)).[2]

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 188 (4th Cir. 2013) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)) (internal quotation marks omitted). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *United States v. South Carolina*, 720 F.3d 518, 524 (4th Cir. 2013) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)) (internal quotation marks omitted). Because granting a motion for preliminary injunctive relief "requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way[,] [t]he danger of a mistake in this setting is substantial." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (quoting *Am. Hosp. Supply Corp. v. Hosp. Prods., Ltd.*, 780 F.2d 589, 593 (7th Cir. 1986)) (internal quotation marks omitted).

---

[2] Defendants were provided notice and responded to Plaintiff's instant motions. Therefore, the undersigned will construe Plaintiff's motions (Dkt. Nos. 35; 36; 45) as motions for a preliminary injunction. *See* Fed. R. Civ. P. 65(a). Regardless, "[t]he substantive standard for granting either a temporary restraining order or a preliminary injunction is the same." *Dyke v. Staphen*, No. 6:18-cv-402-TMC-KFM, 2018 WL 2144551, at *1 (D.S.C. Apr. 19, 2018), *adopted by*, 2018 WL 2136062 (D.S.C. May 9, 2018); *see also Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (showing that the standard for a temporary restraining order is the same as that applied to motions for preliminary injunction).

Accordingly, the decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Under the Prison Litigation Reform Act ("PLRA"):

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system.

18 U.S.C. § 3626(a)(2). The current standard for granting preliminary injunctive relief is set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Under *Winter*, to obtain a preliminary injunction, the moving party must demonstrate:

1) he is likely to succeed on the merits,

2) he will suffer irreparable harm if the preliminary injunction is not granted,

3) the balance of equities favors him, and

4) the injunction is in the public interest.

555 U.S. at 20; *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd*. 952 F.2d at 812 (citation omitted). Moreover, *Winter* requires that each preliminary injunction factor "be 'satisfied as articulated.'" *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013) (quoting *The Real Truth About Obama*,

*Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated on other grounds, Citizens United v. FEC*, 558 U.S. 310 (2010), *aff'd, The Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010) (per curiam)). To succeed, Plaintiff must satisfy all four of these requirements. *Pashby*, 709 F.3d at 320–21. Therefore, the movant bears a heavy burden in seeking a preliminary injunction. *Id.* at 321.

Because Plaintiff is representing himself, this standard must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

In each of his two-page motions, Plaintiff complains of being denied sufficient outside recreation and showers. (Dkt. Nos. 35; 26; 45.) Plaintiff claims he has "only had outside recreation 5 times" between October 2024 and August 2025, and he is "only getting 2 showers a month." (Dkt. No. 36.) Plaintiff states that "3 inmates ha[ve] died from being locked in the cell for so long." (Dkt. No. 35 at 1.) While Plaintiff does not specify exactly what injunctive relief he is seeking, it appears he wants the Court to order the prison officials at his current correctional institution to provide him more outside recreation and more showers. Defendants respond that Plaintiff's unsupported allegations fail to satisfy the *Winter* factors. (Dkt. Nos. 38; 46.)

Upon review, there is no basis to grant Plaintiff's motions. As an initial matter, Plaintiff's claims in this action stem from his treatment at Lee, and the issues raised in the instant motions concern Plaintiff's subsequent treatment at Lieber. (Dkt. Nos. 35; 36; 45.) Defendants in this action do not work at Lieber, and Plaintiff's motions should be denied as unrelated to the issues in this action. *See Collins v. Taylor et al*, No. 2:23-cv-01169-RMG-MGB, Dkt. No. 29 at 2–3 (Sept. 6, 2023) (denying Plaintiff's Motion for TRO because "when a party moves for a temporary restraining order on issue outside of the suit, the underlying purpose of the temporary restraining

order is absent"); *see also*.*Imagine Medispa, LLC v. Transformations, Inc*., 999 F. Supp. 2d 862, 867 (S.D.W. Va. 2014) ("[N]ew claims unrelated to the allegations contained in the complaint cannot serve as the basis for a preliminary injunction.").

Even assuming that the basis of the suit and the temporary restraining order were the same, the undersigned recommends that Plaintiff has failed to make the required showing under *Winter*. First, Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims for injunctive relief. At this time, Plaintiff's deliberate indifference claims rest entirely on his unsubstantiated allegations. "The Court cannot issue such injunctions or restraining orders based on such unsubstantiated claims, which Plaintiff will be able to fully litigate and have resolved in his underlying action." *Page v. Padula*, No. 9:09-cv-0952-HFF-BM, 2009 WL 3332991, at *2 (D.S.C. Oct. 15, 2009), *as amended* (Oct. 19, 2009) (denying TRO motion because "Plaintiff makes only general and conclusory allegations in his motion with respect to purported violations of his constitutional rights regarding the conditions of his confinement"); *see also Di Biase*, 872 F.3d at 230 (stating the moving party must "clearly establish[ ]" entitlement to the injunction he wants).

Next, Plaintiff has failed to make a clear showing that he will suffer irreparable harm absent the injunctive relief. Plaintiff offers only conclusory allegations on this issue, which is insufficient. "[T]he clear showing of irreparable harm proffered by the movant cannot be either remote or speculative; it must be both actual and immediate." *Al-Abood v. El-Shamari*, 71 F. Supp. 2d 511, 514 (E.D. Va. 1999) (citing *Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983)).

Finally, Plaintiff has failed to establish that the balance of equities tips in his favor, and he has failed to show that an injunction is in the public interest. As the Fourth Circuit explained in *Wetzel v. Edwards*:

> The realities of running a penal institution are complex and unique to the prison environment. Federal courts have traditionally been reluctant to interfere in the problems of prison administration. Indeed, the decisions made by prison administrators in their informed discretion have been accorded "wide-ranging deference" by the federal courts. . . . *Furthermore, federal courts have an additional reason to show deference to the decisions of prison authorities, where a state penal institution is involved. Procunier v. Martinez, [416 U.S. 396 (1974)]*. The possible injury to the defendant-appellants if the preliminary injunction stands is potentially grave. The informed discretion of these penological experts could be radically limited with respect to inmate transfers specifically and, more importantly, with respect to prison discipline in general.

635 F.2d 283, 288 (4th Cir. 1980) (emphasis added).

Granting an injunction to alleviate Plaintiff's concerns regarding the lack of outdoor recreation and insufficient showers would require interfering with the prison administrators' decisions concerning the operation of Lieber Correctional Institution, where Plaintiff is currently housed. The undersigned cannot conclude that the public interest would be best served by mandating such extraordinary relief where the current record mainly consists of Plaintiff's allegations. *See Bell v. Wolfish*, 441 U.S. 520, 540 n.23 (1979) (explaining that day-to-day administrative decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.") (quoting *Pell v. Procunier*, 417 U.S. 817, 824 (1974)); *see also Direx Israel, Ltd.*, 952 F.2d at 811 ("Federal decisions have uniformly characterized the grant of interim relief as an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it.").

As Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest

involved do not warrant the extraordinary remedy of injunctive relief, Plaintiff's motions should be denied.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motions for a Temporary Restraining Order (Dkt. Nos. 35; 36; 45) be **DENIED**.

**IT IS SO RECOMMENDED.**

October 21, 2025

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).