IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins,<br><br>   Plaintiff,<br> v.<br><br>Antonelli, *et al.*,<br><br>   Defendants. | Case No. 2:24-cv-03915-RMG<br><br><br>**ORDER** |

  Before the Court is the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 48) recommending that the Court deny Plaintiff's three Motions for a Temporary Restraining Order (Dkt. Nos. 35, 36, 45). No party filed objections to the R & R.

**I. Legal Standard**

 **A. Report & Recommendation**

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Preliminary Injunction

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). To obtain a preliminary injunction, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). Plaintiff bears the burden of showing that each factor supports his request for preliminary injunction. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). Irreparable injury must be both imminent and likely; speculation about potential future injuries is insufficient. *Winter*, 555 U.S. at 22. A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx. Israel*, 952 F.2d at 811 (citations and internal quotation marks omitted).

## II. Discussion

The Court finds that the magistrate Judge properly summarized the factual and legal issues involved in Plaintiff's Motions for a Temporary Restraining Order and correctly concluded that they should be denied. Plaintiff has not met the requirements to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a) or a temporary restraining order under Rule 65(b). The Magistrate Judge correctly found that the extraordinary remedy of injunctive relief is not warranted here.

## III.   Conclusion

In light of the foregoing, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 48) as the order of the Court and **DENIES** Plaintiff's Motions for a Temporary Restraining Order (Dkt. Nos. 35, 36, 45).

**AND IT IS SO ORDERED.**

  s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

November 10, 2025  
Charleston, South Carolina