**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Robbie Collins, | Case No. 2:24-cv-3915-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Antonelli, *et al.*, | |
| Defendants. | |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, (Dkt. No. 86), recommending that Defendants' motion for summary judgment, (Dkt. No. 60), be granted. Plaintiff filed objections to the R&R. (Dkt. No. 92). For the reasons set forth below, the R&R is adopted as the Order of the Court and Defendants' motion for summary judgment is granted.

I.    **Background**

Plaintiff, a state prisoner proceeding *pro se*, brings claims against Defendants under 42 U.S.C. § 1983 alleging (1) a conditions of confinement claim against Defendants Antonelli and Warden Jackson based on their alleged failure to adequately respond to Plaintiff's complaints of being denied outdoor recreation while at Lee Correctional Institute; (2) a claim of deliberate indifference to a serious medical need against Defendant Pemberton based on alleged notification of Plaintiff's sick call requests for breathing problems; and (3) a claim of deliberate indifference to a serious medical need against Defendant Labrador for her alleged refusal to provide mental health treatment after being advised that Plaintiff was being denied mental health treatment. (Dkt. No. 86 at 18).

1

The Magistrate Judge addressed in detail in a twenty-eight-page R&R each of these allegations and determined that the claims of Plaintiff were refuted by detailed medical, mental health and prison records of the South Carolina Department of Corrections ("SCDC"). These included findings that SCDC records showed Plaintiff had recreation time on 38 occasions between January and September 2024 and had 80 medical encounters with SCDC medical staff and 20 mental health encounters at the SCDC mental health and psychiatric clinic. SCDC records further show that Plaintiff had 28 other "out of cell" activities during this period. (Dkt. No. 86 at 7-8, 12-13, 20, 26). While Plaintiff alleged the SCDC records were falsified, the Magistrate Judge found that there was "no legitimate basis" to find that Defendants falsified these records. (*Id.* at 22). Further, the Magistrate Judge found that Plaintiff had produced no evidence that the alleged denial of recreation time had aggravated his breathing problems or affected his mental health. (*Id.*).

The Magistrate Judge additionally found that there was no evidence to support Plaintiff's claims that Defendants Pemberton or Labrador acted with intent or reckless disregard of the Plaintiff's breathing problems or mental health treatment. To the contrary, the Magistrate Judge found that SCDC records refuted Defendant's claim he was locked in a cell 24 hours a day for a year. (*Id.* at 24-25). The Magistrate Judge also found that Defendants were entitled to qualified immunity because Plaintiff had failed to demonstrate any violation of his constitutional rights. (*Id.* at 26-27).

Plaintiff filed objections to the R&R (Dkt. No. 92), which are nothing more than a rehash of the issues presented to the Magistrate Judge. As noted before, the Magistrate Judge determined that there was no reasonable factual basis to support Plaintiff's claims that he was locked in a cell 24 hours a day for a year or that SCDC manipulated and falsified his medical, mental health, and other records.

2

This matter is now ripe for review.

## II.     Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1)(C). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

### III.    Discussion

After a careful review of the record and the R&R, the Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that Defendants' motion for summary judgment should be granted.

### IV.    Conclusion

For the foregoing reasons, the R&R (Dkt. No. 86) is **ADOPTED** as the Order of the Court and Defendants' motion for summary judgment (Dkt. No. 60) is **GRANTED**.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

June 16, 2026
Charleston, South Carolina